Per Curiam.

Obviously, the allegation of the petition that the relator “has no adequate remedy at law or in equity” is a conclusion bottomed only on the allegations of fact set forth therein.
Before we reach the issues of constitutionality, an examination of Section 5538.02, Revised Code, is advisable.
*361 After providing for the appointment of four members by the Governor, with the advice and consent of the Senate, and making the Director of Public Works a member ex officio, the section provides further:
“The commission shall elect one of its appointed members as chairman and another as vice-chairman, and shall appoint a secretary-treasurer who need not be a member of the commission. ’ ’ (Emphasis added.)
The pleadings establish that the respondent is the duly appointed, qualified and acting secretary-treasurer of the commission.
Counsel for the relator, in their brief supporting the demurrer, state that “respondent refused [on two specified grounds] to perform those ministerial duties” of preparing a prospectus and publishing a notice of sale of the revenue bonds proposed in accordance with the mandate of section 3 of the bond resolution attached to the petition as exhibit A. It is, therefore, recognized that the respondent’s function is purely ministerial.
It is apparent from the words of Section 5538.02, Revised Code, that, if respondent will not perform those ministerial duties, the commission can appoint a secretary-treasurer who will. Since a member of the commission may be so appointed and a majority of the commission are in favor of performance of those duties, it is obvious that relator has an adequate remedy by way of self-help. Hence, .it does not need the relief sought.
The writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.